UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4173

CHARLES IRBY, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-97-460)

Submitted: September 30, 1998

Decided: October 29, 1998

Before ERVIN and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. E. Jean Howard, OFFICE OF THE
UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles Irby, Jr., appeals his conviction and sentence for an unarmed bank robbery in violation of 18 U.S.C. § 2113(a) (1994). Irby noted a timely appeal and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed whether the district court accepted Irby's guilty plea in compliance with Fed. R. Crim. P. 11 and whether the district court properly declined to depart downward from the sentencing range mandated by the U.S. Sentencing Guidelines Manual. The time for filing a supplemental brief has passed and Irby has not responded despite being advised of his right to do so. Because we find each assignment of error to be without merit and can discern no other error in the record on appeal, we affirm Irby's conviction and sentence.

Irby contends that the district court improperly conducted the Rule 11 hearing in accepting his guilty plea. "In reviewing the adequacy of compliance with Rule 11, this [c]ourt should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco , 949 F.2d 114, 116 (4th Cir. 1991). Moreover, any Rule 11 violation would be evaluated under the harmless error standard. See Fed. R. Crim. P. 11(h); see also DeFusco, 949 F.2d at 117. As a result this court may vacate a conviction resulting from a guilty plea "only if the trial court's violations of Rule 11 affected the defendant's substantial rights." DeFusco, 949 F.2d at 117.

In this case, the district court conducted a thorough hearing, insuring that Irby understood the rights that he would forego by pleading guilty, the elements of the charge to which he was pleading guilty, the penalties he faced, the effect of supervised release, and the impact of

2

the Sentencing Guidelines. Further, the court ascertained that Irby's plea was voluntary and that a factual basis existed for his plea. We find that the district court fully complied with Rule 11 and that this claim is without merit. See id. at 116-17.

Irby next claims that the district court erred in declining to grant his motion for a downward departure under U.S. Sentencing Guidelines Manual § 5K2.0 (Nov. 1996). When a district court exercises its discretion by refusing to depart, its decision is not reviewable on appeal. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990). Our examination of the record discloses that the district court understood its authority to depart if a departure was warranted, and determined in its discretion that the circumstances did not warrant a departure. The district court's explicit statement that it was exercising its discretion shows that it recognized the authority to depart under USSG § 5K2.0, but that it declined to do so.* As a result, the court's decision not to depart is not reviewable. See Bayerle, 898 F.2d at 31.

As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for writ of certiorari, unless

---

*Diminished mental capacity that "is present to a degree substantially in excess of that which ordinarily is involved in the offense" may justify a downward departure to the extent which the diminished capacity contributed to the non-violent offense. See USSG § 5K2.0, p.s. In an attempt to define what constitutes "diminished capacity," most courts have considered the defendant's ability to understand and to reason. See United States v. Johnson, 979 F.2d 396, 401 (6th Cir. 1992); United States v. Hamilton, 949 F.2d 190, 193 (6th Cir. 1991) (affirming district court's refusal to depart downward under § 5K2.13 because defendant "was able to absorb information in the usual way and to exercise the power of reason"). There is no evidence of record that would suggest that Irby was so impaired in his abilities as to warrant a downward departure.

3

counsel believes that such a petition would be frivolous. In the latter case, counsel may then move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4